IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PA., et al.        :
                                   :          CRIMINAL ACTION
              v.                   :
                                   :          NO. 09-127
ARCHIE TINDELL                     :


**SURRICK, J.**                                      **JUNE   26  , 2009**

**<u>MEMORANDUM</u>**

Presently before the Court is Defendant's *pro se* Petition for Removal to Federal Court.

(Doc. No. 3.)  For the following reasons, Defendant's Petition will be denied and the case will be

remanded to the Northumberland County Court of Common Pleas.

**I.        BACKGROUND**

Defendant Archie Tindell petitions for removal of a state criminal prosecution pursuant to 28

U.S.C. §§ 1443, 1447, 1448, and 1449.  (Doc. No. 3.)  Since Defendant's allegations are difficult to

comprehend, we reproduce them here in their entirety:

> Defendant herein respectfully petitions this Court pursuant to Title 28 U.S.C. 1443, 1441, 1448, 1449, for the removal of the above caption [sic] proceeding to this Court from the Court of Common Pleas of Northumberland County and in support of the Petition as shown as following:
>
> 1.  By virtue of Title 28 United States Code Annotated, 1441, 1443(1), this Court has jurisdiction to hear and try the charges now pending against Petitioner.
>
> 2.  Removal is sought to protect the rights guaranteed to the Petitioner under Due Process and Equal Protection Clause Section 1, Fourteenth Amend., Sixth Amendment of the U.S., 28 U.S.C. 1981, 1983, 1985, 1986.
>
> 3.  Petitioner are [sic] being prosecuted for acts done in a criminal proceeding of the alleged offenses of; [sic] simple assault, (18 Pa.. [C.S.A.] 2701(A)(1)[)], and aggravated assault, (18 Pa. [C.S.A.] 2702(A)(2)), at the State Correctional Institute at Coaltownship [sic], Pa.
>
> 4.  Petitioner are [sic] being prosecuted for acts done under color of state laws derived

from the constitution of the United States and for reason for refusing to do an act which was and is inconsistent with the Constitution and laws of the United States.

5. The Petitioner are [sic] denied and/or cannot enforce in the Court of Common Pleas of Northumberland County of Pennsylvania rights under the Constitution and laws under the United States and all persons within the jurisdiction thereof in that, the State of Pa. crime code on its face by Pa., statutory laws of that state that supports and maintain statu[t]es under administrative law.

6. They have done this through legislative action, by creating a host of Boards, Commissions, Bureaus and Trusts which make up a rather new concept of laws and government the legal status of these entities is much like that of an [sic] corporation which is also created by statu[t]es.

7. When a government is created by a compact or constitution, it to [sic] in a sense a legal entity, or corporate body, but one which exists by the decree of the people or by the common law but these administrative agencies or bodies being creatures of statu[t]es.

8. Which these statu[t]es have a different kind of relationship to the people than do [sic] the legislative, executive and judicial bodies created by the Constitution since the relationship between the commissions, committees or revisors who drafted them.

9. A non-constitutional law has the same effect upon a complaint or indictment as [does] un-constitutional law or a non-existent law, it renders the charging instrument "void ab [i]nitio," a non constitutional law not a law to which we are not subject to so doing whats [sic] prohibit cannot constitute a crime.

10. It has no force or effect as a law over myself and the Common Pleas Court of Northumberland Court lacks subject matter jurisdiction to try the matter.

11. Petitioner also seeks removal of the pending state criminal proceeding to this Court on the grounds that:  (A); [sic] he have [sic] been denied and cannot enforce before the state court where he will be heard rights guaranteed and secured to him under federal Constitution of the United States.

12. That the filing of the indictment or Complaint by the Pa. State Trooper, Kevin Kearney was thorough [sic] corrupt influence by a casual connection with the Department of Corrections which has been prosecuted by the District Attorneys office and by fraud and deciet [sic] by the Public Defenders Association has been carried out with the sole purpose and effect of punishing and harassing Petitioner.

13. And by deterring him from exercising of his constitution[a]l protected rights of the United States 42 U.S.C. 1981, 1983, 1985, 1986, Due Process of law and Equal

Protection and Six [sic] Amendment of U.S.

14. The Common Pleas Court of Northumberland Country, Pa. State Police and District Attorney, and the Department of Correction at Coaltownship [sic] are hostile and prejudice [sic] against Petitioner by reason of the intent who conspired to obstruct the due course of justice which breach his oath of office by committing such conduct.

15. Petitioner avers upon information and belief that if a monetary charge is made by the city and county official's for certified or other copies of process, pleadings, and orders in Petitioner case affirm pursuant to 28 U.S.C. 1449, 28 U.S.C. 1915 and 18 U.S.C. 3006(A). . . .

Because of his proverty [sic] to pay and give security for the payment of such fees and costs Petitioner is unable to attach copies of any process pleading or orders which may been [sic] issued in state court proceedings.

Wherefore, Petitioner prays:

1. That Petitioner be authorized to proceed in forma pauperis in this Court as provided by 28 U.S.C. 1915, 18 U.S.C. 3006(A)(g) [sic].
2. That this Petition be filed.
3. The jurisdiction be retained by this Court under 28 U.S.C. 1441, 1443, Due Process of law and Equal Protection, Six [sic] Amendment to the United States Constitution.
4. That the Court give such relief as necessary and justified under the circumstances.

(*Id.* ¶¶ 5-15.)  As stated above, Defendant seeks to remove the prosecution to federal court "to protect the rights guaranteed to the Petitioner under Due Process and Equal Protection Clause Section 1, Fourteenth Amend., Sixth Amendment of the U.S., 28 U.S.C. 1981, 1983, 1985, 1986." (*Id.* ¶ 2.)  Defendant contends that this Court "has jurisdiction to hear and try the charges now pending against Petitioner" pursuant to 28 U.S.C. §§ 1441, 1443(1).  (*Id.* ¶ 1.)

## II.    DISCUSSION

A federal district court must examine promptly a notice of removal of a criminal case and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).

After reviewing Defendant's filing, we conclude that 28 U.S.C. § 1443(1) is the only provision cited by Defendant that may be applicable in this case.  The other provisions cited by Defendant do not authorize removal of a state criminal prosecution:  § 1441 governs removal in civil cases; § 1447 governs procedure after removal of civil cases; § 1448 governs service of process following removal; and § 1449 concerns transfer of the state court record in removal cases.

Section 1443 provides in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

*Id.* § 1443.[1]  The Supreme Court has determined that

> a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.  First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . .  Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations and quotation marks omitted).

Under the first prong of this test, "[c]laims that prosecution and conviction will violate rights under

---

[1] Section 1443(2) authorizes removal of state court civil actions or criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(2).  Although Defendant uses similar language in his filing (*see* Doc. No. 3 ¶ 4 ("Petitioner are [sic] being prosecuted for acts done under color of state laws derived from the constitution of the United States and for reason for refusing to do an act which was and is inconsistent with the Constitution and laws of the United States.")), § 1443(2) does not apply in this case.  The Supreme Court has directed that "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  Since Defendant does not appear to fall into this category, § 1443(2) does not provide for a basis of removal of this case.

4

constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*  Therefore, claims by a defendant seeking removal that he "will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Id.*  The second prong of the test "normally requires that the denial [of the specified federal rights] be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest at the trial of the case." *Id.* (internal citations and quotation marks omitted).  That is, "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966).  Rather, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts.  A state statute authorizing the denial affords an ample basis for such a prediction." *Id.*  Generally, it is to be expected that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

Defendant has not alleged that any right being denied to him "arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* at 219; *see also Pennsylvania v. Arsad*, No. 08-701, 2008 U.S. Dist. LEXIS 104041, at *5 (E.D. Pa. Dec. 23, 2008) ("Although [the petitioner] alleges violations of his rights to due process and a speedy trial, he does not allege anywhere in his complaint that the violation of those rights has anything to do with his race."); *Pennsylvania v. Mu-El*, No. 08-639, 2008 U.S. Dist. LEXIS 98847, at *5 (E.D. Pa. Dec. 5, 2008) ("[T]he Court finds that Petitioner's allegations are incapable of being understood to claim

that he is being denied or cannot enforce a specified federal right related to racial equality in the courts of Pennsylvania."). Defendant has not shown that any state legislative or constitutional provision prevents him from enforcing such rights in state court. *See Johnson*, 421 U.S. at 219; *see also McDaniel v. New Jersey*, No. 08-4371, 2008 U.S. Dist. LEXIS 85947, at *4 (D.N.J. Sept. 26, 2008) ("Even if this Court were to hypothesize that Petitioner was intending to implicate a federal law providing for specific civil rights stated in terms of racial equality, Petitioner did not assert that any legislative or constitutional provision of New Jersey prevents his enforcement of his rights.") (internal quotation marks omitted). Nor has Defendant shown that there is any other equivalent basis for predicting that he will not be able to enforce such rights in state court. Accordingly, removal under § 1443(1) is improper and summary remand is required.

**III.   CONCLUSION**

For these reasons, Defendant's Petition will be denied and this case will be summarily remanded to state court. Since we are denying removal and remanding this case, Defendant's *pro se* Petition to Amend Complaint and Claims (Doc. No. 2) will be dismissed as moot.

An appropriate Order will follow.

BY THE COURT:

_____

R. Barclay Surrick, J.

6